T.C. Summary Opinion 2002-81

UNITED STATES TAX COURT

MICHAEL G. AND KATE M. LAVIGNE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6435-01S.                    Filed July 2, 2002.

Michael G. and Kate M. Lavigne, pro se.

Douglas S. Polsky, for respondent.


        COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

---

        [1]    Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
years at issue.  All Rule references are to the Tax Court Rules
of Practice and Procedure.

Respondent determined deficiencies of $4,097 and $7,658 in petitioners' Federal income taxes, respectively, for 1998 and 1999 and corresponding penalties under section 6662(a) in the amounts of $819 and $1,532.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Albuquerque, New Mexico.

For each of the years in question, petitioners claimed itemized deductions on a Schedule A, Itemized Deductions, of their Federal income tax return. For 1998, petitioners claimed itemized deductions totaling $26,446, of which $15,484 was disallowed by respondent. For 1999, petitioners deducted $38,113, of which $27,368 was disallowed by respondent. Petitioners, nevertheless, were allowed itemized deductions for both years, since the total of their other claimed and allowed deductions exceeded the standard deduction under section 63(c). For the 2 years at issue, the disallowed deductions consisted of charitable contributions, job expenses, and other miscellaneous deductions. Additionally, for 1999, respondent disallowed an itemized deduction for gambling losses of $4,000.

The issues for decision are: (1) Whether petitioners are entitled to the disallowed itemized deductions for charitable contributions, job expenses, and other miscellaneous deductions

for 1998 and 1999 and the disallowed gambling losses for 1999, and (2) whether petitioners are liable for the penalties under section 6662(a). In addition, the Court considers the applicability of section 6673(a) to the facts of this case.

Petitioners were both employed during the 2 years in question. Mr. Lavigne was employed by a construction company, and Mrs. Lavigne was employed by Intel Corp. They reported combined wages of $70,996 and $83,088, respectively, for 1998 and 1999.

For the 2 years in question, petitioners' income tax returns were prepared by a return preparer, Robin Beltran. The record does not reflect the circumstances surrounding how petitioners engaged Mr. Beltran.[2] Mr. Beltran advised petitioners that records were not necessary to substantiate deductions claimed on their returns, and such records could be disregarded because, irrespective of records, a taxpayer, under the law, was "allowed" deductions for such expenses pursuant to a "formula" based on the income the taxpayer earned.

The deductions disallowed by respondent on petitioners' tax returns consisted of the following:

---

[2] The Court notes that this case is one of numerous cases heard by the Court involving tax returns prepared by Mr. Beltran, which essentially involve the same deductions at issue here.

|                                                                    | 1998     | 1999     |
|--------------------------------------------------------------------|----------|----------|
| Charitable contributions                                           | $ 5,299  | $ 7,071  |
| Unreimbursed employee expenses and tax preparation fees (before the sec. 67(a)limitation) | 11,632 | 18,082 |

Petitioners acknowledged at trial that their actual charitable contributions were considerably less than the amounts claimed on their returns but ventured no estimate as to the correct amount of their actual contributions.  They presented meager evidence reflecting nominal contributions to organizations, such as the Fraternal Order of Police and Special Olympics of New Mexico, as well as a handwritten list of clothing and other items donated to "Joy Junction" during one of the years at issue.

The unreimbursed employee expenses claimed represented expenses incurred by Mr. Lavigne in the use of his personal vehicle in connection with his employment.  No logs or other records were maintained by him with respect to these expenses.

With respect to the first issue regarding petitioners' entitlement to deductions for unreimbursed employee business expenses, petitioners did not maintain logs or other records to substantiate the amounts claimed for such expenses on their returns.  Such deductions are subject to the strict substantiation requirements of section 274(d).  In the absence of records that would satisfy section 274(d), the Court holds that

petitioners are not entitled to deductions for such expenses for the 2 years in question. Petitioners did incur expenses for preparation of their tax returns; however, because these expenses would not exceed 2 percent of petitioners' adjusted gross income each year, therefore, under section 67(a), petitioners are not entitled to deductions for tax preparation fees for 1998 and 1999.

With respect to charitable contributions, petitioners produced only meager documentary evidence to substantiate their contributions for the 2 years at issue. The Court is satisfied that petitioners did make some qualifying charitable contributions during the years at issue, and, therefore, under the Court's discretionary authority pursuant to Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), allows petitioners charitable contribution deductions of $300 for each year at issue.

On their 1999 Federal income tax return, petitioners reported, as income, gambling winnings of $4,000. On Schedule A of their return, petitioners claimed an itemized deduction of $4,000 for gambling losses. Respondent disallowed the claimed deduction. The $4,000 represented winnings by Mrs. Lavigne from slot machines at Las Vegas, Nevada. Mrs. Lavigne played slot machines there every month. She maintained no books and records of her winnings, nor any records for the amounts spent on

gambling.  The $4,000 reported on the return represented an amount for which the casino had issued an IRS Form 1099 to Mrs. Lavigne for a larger than normal payoff from a slot machine. Mrs. Lavigne admitted she had other winnings during the course of the year for which no Forms 1099 were issued; however, no records were maintained by her for such winnings.  Mrs. Lavigne was satisfied that her losses exceeded $4,000 during 1999.  The only records submitted at trial to establish her losses consisted of a bank statement of Mrs. Lavigne's account reflecting various withdrawals that she contends substantiated her gambling losses.

Section 165(d) allows taxpayers to deduct losses from wagering transactions to the extent of the gains from such transactions.  In order to establish entitlement to a deduction for wagering losses in this Court, the taxpayer must prove the losses sustained during the taxable year.  Mack v. Commissioner, 429 F.2d 182 (6th Cir. 1970), affg. T.C. Memo. 1969-26; Stein v. Commissioner, 322 F.2d 78 (5th Cir. 1963), affg. T.C. Memo. 1962-19.  The taxpayer must also prove that the amount of such wagering losses claimed as a deduction does not exceed the amount of the taxpayer's gains from wagering transactions.  Sec. 165(d). Implicitly, this requires the taxpayer to prove both the amount of losses and the amount of winnings.  Schooler v. Commissioner, 68 T.C. 867, 869 (1977); Donovan v. Commissioner, T.C. Memo. 1965-247, affd. per curiam 359 F.2d 64 (1st Cir. 1966).

Otherwise, there would be no way of knowing whether the sum of the losses deducted on the return is greater or less than the taxpayer's winnings.  Schooler v. Commissioner, supra at 869. For example, if the taxpayer, in addition to the winnings reported on a return, had other winnings that were not reported, then the taxpayer must prove that the losses claimed as a deduction on the return exceeded the unreported winnings in order to be entitled to deduct any such losses.  Donovan v. Commissioner, supra.  The amount deductible in such situation is the amount of the claimed losses which exceeds the unreported winnings, as long as such amount does not exceed the winnings reported on the taxpayer's return.  Sec. 165(d); Schooler v. Commissioner, supra; Donovan v. Commissioner, supra.  Here, petitioners did not prove the amount of their gambling winnings, both reported and unreported, and, thus, they failed to prove that the amount of the wagering losses deducted on the 1999 return is greater than the unreported gains from gambling. Rodriquez v. Commissioner, T.C. Memo. 2001-36.  Respondent, therefore, is sustained in the disallowance of petitioners' $4,000 gambling loss deduction for 1999.

The second issue is whether petitioners are liable for the section 6662(a) penalties.  Petitioners contend they should be absolved of liability for such penalties because they relied on the representations of their return preparer, Mr. Beltran.

Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and disregard consists of any careless, reckless, or intentional disregard. Sec. 6662(c). The courts have refined the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989). Section 1.6662-3(b)(1), Income Tax Regs., provides that "Negligence is strongly indicated where * * * a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances". An exception applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537;

sec. 1.6664-4(b)(1), Income Tax Regs. Under section 1.6664-4(b)(1), Income Tax Regs., "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge and education of the taxpayer." Moreover, a taxpayer is generally charged with knowledge of the law. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). Although a taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, the taxpayer must take reasonable steps to determine the law and to comply with it. Id.

Under certain circumstances, a taxpayer may avoid the accuracy-related penalty for negligence where the taxpayer reasonably relied on the advice of a competent professional. Sec. 6664(c); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991); sec. 1.6664-4(b)(1), Income Tax Regs. Reliance on a professional adviser, standing alone, is not an absolute defense to negligence; it is only one factor to be considered. In order for reliance on a professional adviser to relieve a taxpayer from the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise

and knowledge of the relevant facts to provide informed advice on the subject matter.  Freytag v. Commissioner, supra at 888.

Petitioners made no effort to ascertain the professional background and qualifications of their return preparer.  They examined the returns he prepared and admitted at trial that they caused Mr. Beltran to revise the returns to reduce the claimed expenses because they realized that the amounts claimed were excessive.  Yet, petitioners knew that, with the revisions ordered by them, the expenses claimed were still excessive and made no effort to have their returns corrected to reflect the actual amount of their claimed deductions.  The Court notes that the unreimbursed employee business expenses claimed on the returns, all related to Mr. Lavigne's employment, amounted to 32.6 percent and 37.4 percent, respectively, of the wages Mr. Lavigne earned during 1998 and 1999.  Mr. Lavigne admitted in his testimony at trial that he would not accept employment that required the employee to bear expenses of that proportion without any reimbursement from the employer or some other source other than himself.  Petitioners did not look beyond the representations of Mr. Beltran, knowing that the deductions at issue were grossly inflated.  Petitioners knew that they could claim only deductions that could be substantiated.  Petitioners made no reasonable effort to ascertain their correct tax liabilities for the years at issue.  Stubblefield v.

Commissioner, supra. On this record, the Court sustains respondent on the section 6662(a) accuracy-related penalties for the 2 years at issue.

Section 6673(a) authorizes the Court to require a taxpayer to pay to the United States a penalty not exceeding $25,000 when, in the Court's judgment, proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in the proceeding is frivolous or groundless. The Court considers petitioners' claim that they should not be liable for the deficiencies and penalties to be frivolous and groundless. Petitioners knew, or should have known, that a substantial portion of the itemized deductions at issue was false and could not be sustained. Other circumstances noted above need not be repeated here.

The function of this Court is to provide a forum to decide issues relating to liability for Federal taxes. Any reasonable and prudent person, under the facts presented to the Court, should have known that the claimed deductions could not have been sustained, and the Court is satisfied that petitioners knew that. We do not and should not countenance the use of this Court as a vehicle for a disgruntled litigant to proclaim the wrongdoing of another, his return preparer, as a basis for relief from a penalty that was determined by respondent on facts that clearly are not sustainable. Golub v. Commissioner, T.C. Memo. 1999-288.

Petitioners, therefore, have interfered with the Court's function to the detriment of other parties having cases with legitimate issues for the Court to consider.  Petitioners have caused needless expense and wasted resources, not only for the Court, but for its personnel, respondent, and respondent's counsel. Under these circumstances, the penalty under section 6673 is warranted, and petitioners will be ordered to pay a penalty of $500 to the United States under section 6673(a).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155.</u>